Heidelberg Harris v. MAN Roland        CV-95-309-B    05/09/96

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Heidelberg Harris, Inc.
Heidelberger Druckmaschinen AG,
and Heidelberg Harris S.A.

     v.                                    Civil No. 95-309-B

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG


**O R D E R**

New Hampshire's Consumer Protection Act provides that "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. § 358-A:2 (1994 Supp.). The issue presented by MAN Roland, Inc.'s motion for judgment on the pleadings is whether the Consumer Protection Act covers a defendant's business activities in another state if the conduct injures the plaintiff in New Hampshire. I conclude that it does not.


**STANDARD OF REVIEW**

When considering a motion for judgment on the pleadings, I credit all material factual allegations in the complaint taken in

the light most favorable to the plaintiff.  <u>Gaskell v. Harvard</u>
<u>Co-Op Soc.</u>, 3 F.3d 495, 497 (1st Cir. 1993).  Accordingly, I will
grant the motion only if "'it appears beyond doubt that the
plaintiff can prove no set of facts in support of [its] claims
which would entitle [it] to relief.'"  <u>International Paper Co. v.</u>
<u>Town of Jay</u>, 928 F.2d 480, 482-83 (1st Cir. 1991) (quoting <u>Conley</u>
<u>v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  As when considering a
motion to dismiss, neither bald assertions nor legal conclusions
enjoy the presumption of truth.  <u>See</u> <u>United States v. AVX Corp.</u>,
962 F.2d 108, 115 (1st Cir. 1992).  With the standard in mind, I
turn to the merits of MAN Roland's motion.

## <u>DISCUSSION</u>

In resolving the statutory construction question presented
by MAN Roland's motion, I begin by examining the disputed text in
the context in which it appears.  <u>Gwaltney of Smithfield v.</u>
<u>Chesapeake Bay Found.</u>, 484 U.S. 49, 56 (1987); <u>Gilmore v.</u>
<u>Bradgate Assoc., Inc.</u>, 135 N.H. 234, 276 (1992).  If the disputed
language can have only one plausible meaning, I ordinarily will
proceed no further.  <u>Ardestani v. I.N.S.</u>, 502 U.S. 129, 135-36
(1991); <u>American Tobacco Co. v. Patterson</u>, 456 U.S. 63, 68
(1982).  However, if the text is ambiguous, it may be appropriate

2

to look to extrinsic sources to aid my analysis. <u>Snyder v. New Hampshire Sav. Bank</u>, 134 N.H. 32, 35 (1991); <u>cf.</u> <u>Shannon v. United States</u>, 114 S. Ct. 2419, 2426 (1994) (noting Justices' differing views concerning the usefulness of legislative history in statutory construction).

I need not resort to extrinsic evidence to resolve the issue MAN Roland presents because, at least in the context of the present case, the Consumer Protection Act is unambiguous. The Act covers only unfair acts or practices that a person commits "in the conduct of any trade or commerce within this state." Thus, the Consumer Protection Act is inapplicable unless a defendant commits the unfair acts in question while engaged in trade or commerce in New Hampshire. <u>Pacamor Bearing, Inc. v. Minebea Co., Ltd.</u>, 1996 WL 112105, 9-10 (D.N.H. 1996); <u>see also</u> <u>Shorter v. Champion Home Builders Co.</u>, 776 F. Supp. 333, 339 (N.D. Ohio 1991) (phrase "in this state" in Ohio Consumer Sales Practices Act requires that the offending conduct must occur in Ohio). Heidelberg Harris alleges that the conduct forming the basis of its Consumer Protection Act claim occurred in other states and countries and the complaint does not allege that MAN Roland's unfair conduct occurred in connection with any business it was conducting in New Hampshire. Therefore, MAN Roland is

3

entitled to judgment on the pleadings with respect to the Consumer Protection Act claim.

## CONCLUSION

For the foregoing reasons, MAN Roland's motion for judgment on the pleadings (document 50) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 9, 1996

cc:  Thomas J. Donovan, Esq.
     Richard L. Mayer, Esq.
     Emily G. Rice, Esq.
     Mark N. Mutterperl, Esq.

4